UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KAYLA MICHELLE GLUD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-162 |
| | § | |
| CITY OF ARANSAS PASS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING CASE**

Pending is the City of Aransas Pass's Motion for Summary Judgment to dismiss with prejudice Plaintiff's alleged § 1983 claims against the City. (D.E. 14). Plaintiff has not filed a response in opposition.

For the reasons stated herein, Defendant's motion is granted, and Plaintiff's claims against the City of Aransas Pass are dismissed with prejudice. In addition, because the individual defendants have never been served and the statute of limitations has now run, Plaintiff's claims against those Defendants are dismissed for failure to prosecute, and this case is closed.

**I.     JURISDICTION.**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the parties (D.E. 9, 10), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 11). *See* 28 U.S.C. § 636(c).

## II.     PROCEDURAL BACKGROUND.

On June 26, 2013, Plaintiff filed her Original Petition in Civil Action No. A-13-0138-CV, styled *Kayla Michelle Glud v. Aransas Pass Police Dept., et al.,* in the 36th Judicial District Court, Aransas County, Texas. (*See* D.E. 1-9, pp. 1-3). Plaintiff named as Defendants: (1) the Aransas Pass Police Department; (2) Detective Leo Martinez; (3) Officer Rick Hernandez; and (4) Detective Roberto Gonzalez. Plaintiff claims that Detective Martinez ordered her arrest and Officer Hernandez brought her into custody to manipulate her into locating two fugitive felons. She claims that Detective Gonzalez then identified her in a local newspaper article, causing her life to be placed in danger, and in fact, she was subsequently assaulted by one of the fugitives whom she helped the police locate. Plaintiff claims that Defendants' actions constitute constitutional violations under 42 U.S.C. § 1983.

On May 9, 2014, the City of Aransas Pass removed the action to federal court. (D.E. 1, pp. 1-4).

On September 11, 2014, a Scheduling Order was entered (D.E. 12), and Plaintiff acknowledged service of the Scheduling Order. (D.E. 13).

On December 10, 2014, the City of Aransas Pass filed the instant motion for summary judgment. (D.E. 14). To date, Plaintiff has not filed a response in opposition to the summary judgment motion.

## III.    SUMMARY JUDGMENT EVIDENCE.

In support of its Motion for Summary Judgment, the City of Aransas Pass offers a copy of the September 14, 2011, newspaper article from *The Aransas Pass Progress*

titled "Police respond to evidence planting allegations," (D.E. 14-2, pp. 1-2), as well as the online version of that same article, (D.E. 14-3, pp. 1-2).

The uncontested evidence establishes the following.

On June 29, 2011, Officer Rick Hernandez arrested Plaintiff at her grandmother's place of business and escorted her to the Aransas Pass Police Station. (D.E. 1-9, p. 1). At the jail, Plaintiff emptied her pockets and removed her jewelry as instructed. *Id.* She was charged with possession of drug paraphernalia although none was found on her person. *Id.*

On June 30, 2011, Detective Leo Martinez told Plaintiff that the charges against her would be dropped if she would assist the police in locating two fugitives for which they had warrants. (D.E. 1-9, p. 1). With the assistance of her father, Plaintiff was able to help locate the two individuals. *Id.* at 2. Plaintiff was released from police custody that evening. *Id.*

On September 14, 2011, the *The Aransas Pass Progress* published a news article entitled "Police respond to evidence planting allegations." (D.E. 1-9, p. 2). The article referenced Plaintiff's earlier arrest and indicated that the charges against her were dropped because she provided "information leading to the arrest of two felony fugitives in the community." (D.E. 14-2, p. 1).

On April 30, 2012, Plaintiff was assaulted by one of the fugitives she had identified. (D.E. 1-9, p. 2). The assailant and accomplices told Plaintiff the beating was in retaliation for her "snitching." *Id.* Plaintiff suffered severe injuries that required emergency medical treatment. *Id.*

## IV. SUMMARY JUDGMENT STANDARD.

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## V. DISCUSSION.

Plaintiff claims that the Aransas Pass Police Department arrested her without probable cause, and then manipulated her using those charges to locate the fugitive felons. In particular she claims that Detective Leo Martinez ordered her arrest and that Officer Hernandez arrested her and took her into custody. She claims that Detective Roberto Gonzalez identified her in *The Aransas Pass Progress* article, effectively calling

her a "snitch," thus placing her life in danger. Indeed, she was later assaulted by one of the fugitives she helped locate after the fugitive was released from jail.

### A. Section 1983 and Municipal Liability.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

A city will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy.[1] *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well

---

[1] Plaintiff named the Aransas Pass Police Department as a defendant. However, a department of a municipality is not a "person" for purposes of § 1983 liability, and is therefore not an appropriate party. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). Thus, the City of Aransas Pass appropriately responded to Plaintiff's allegations.

settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

In this case, Plaintiff fails to offer any evidence to suggest that an official policy or custom of the City caused either event of which she complains: her allegedly unlawful arrest on June 29, 2011, or her assault on April 30, 2012. Plaintiff does not allege, let alone offer evidence to suggest, that the City has a policy or practice of arresting citizens to coerce their cooperation in other criminal investigations. Indeed, she does not offer the affidavits or testimony of any witnesses or other individuals to support her allegation that it was even done in this one instance, let alone, that it is done on a system-wide continuing basis so as to impute liability to the City. Similarly, Plaintiff does not contend that the City has a policy or practice of using innocent citizens to secure fugitive felons without regard for their safety. There is simply no evidence that an official policy or custom of the City caused either Plaintiff's arrest or subsequent assault.

B. **City not responsible for criminal acts of private persons.**

7 / 10

Plaintiff claims that the City of Aransas Pass is liable for her being assaulted on April 30, 2012 because Detective Gonzalez identified her in the newspaper as assisting the police. This argument fails factually and legally.

First, the article is primarily about Kasey Lane Staley, Plaintiff's ex-husband, and his allegations of evidence being planted by police. Although Detective Gonzalez is quoted in the newspaper article, there is no indication that he identifies Plaintiff or discusses any assistance she may have provided in catching the fugitives. The article states:

> Staley's ex-wife Kaley Michelle Staley was also found to have a clear plastic baggy with heroin residue. She was arrested on charges of possession of drug paraphernalia.
> According to *court records*, she was later released after making a deal to have her charges dropped by providing information leading to the arrest of two felony fugitives in the community.

(D.E. 14-2, 14-3, emphasis added).

The uncontested evidence shows that the news article cited to court records, not a City employee, as its source that Plaintiff had assisted the police. Thus, the facts refute Plaintiff's claim that Detective Gonzalez disregarded her safety, and there is absolutely no evidence that he called her "a snitch" in the newspaper, as she alleges.

Moreover, even if Plaintiff could prove that Detective Gonzalez disclosed the information that motivated the assault on her, there is no constitutional violation under these circumstances. In general, a governmental agency's failure to protect an individual from private violence does not violate the Constitution. *DeShaney v. Winnebago Cnty Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989). The exception is when a special

relationship exists by virtue of the state having custody of the person against his or her will: when the state incarcerates a prisoner; when it involuntarily commits someone to an institution; or when it places a child in foster care. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 856 (5th Cir. 2012) (en banc). In this case, Plaintiff was released from police custody months before the assault. She does not allege or suggest that she was under any type of protective police custody at the time she was injured. She does not claim that she was in fear for her safety as a result of the newspaper article. She does not claim that she received threats, nor does she claim to have requested assistance from the Aransas Pass Police Department and that it denied assistance. As such, Plaintiff fails to establish that the City, by or through any of its police officers, knew or should have known that Plaintiff was at risk of harm as a result of information contained in the September 14, 2011 news article. *See Magee,* 675 F.3d at 865 (to establish deliberate indifference, the plaintiff must show that the state actor knew or should have known that his actions exposed the plaintiff to immediate danger). The City is entitled to summary judgment in its favor.

## VI. INDIVIDUAL DEFENDANTS.

Plaintiff was assaulted on April 30, 2012, and that is the date her § 1983 cause of action arose. Plaintiff had two years to bring her lawsuit, or until April 30, 2014. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) ("[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.").

Plaintiff timely filed her lawsuit on June 26, 2013; however, she has never served the individual defendants. Were she to refile her lawsuit against the unserved individuals, her claims would be barred by the two-year statute of limitations. Accordingly, Plaintiff's claims against the unserved Defendants, Leo Martinez, Rick Hernandez, and Roberto Gonzalez are now time-barred, and therefore, they are dismissed with prejudice. *See Long v. Simmons,* 77 F.3d 878, 880 (5th Cir. 1996) (noting that statute of limitations can cause a dismissal without prejudice to operate as a dismissal with prejudice).

## VII. CONCLUSION.

Plaintiff's allegations fail to state cognizable constitutional violations under 42 U.S.C. § 1983. Accordingly, the City of Aransas Pass' Motion for Summary Judgment (D.E. 14) is GRANTED, and Plaintiff's claims against the City are dismissed with prejudice. In addition, Plaintiff failed to serve the individual Defendants, Leo Martinez, Rick Hernandez, and Roberto Gonzalez, and if she were to refile those claims, the claims would be barred by the statute of limitations, and there is no basis for tolling. Accordingly, Plaintiff's claims against the unserved individual Defendants are also dismissed with prejudice.

ORDERED this 30th day of January, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE